**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
Aryanna Young, Esq. (SBN 344361)
aryanna@kazlg.com
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Debra Joann Coats Griffin

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBRA JOANN COATS GRIFFIN, Individually and on behalf of others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MYMEDICARERATES.COM, LLC**<br><br>**Defendant.** | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C) ET SEQ**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. Debra Joann Coats Griffin (hereinafter "Plaintiff") brings this action against Mymedicarerates.com, LLC (hereinafter "Defendant"), to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c).

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. Defendant is involved in the distribution of Medicare plans and rates. To

promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in the Central District of California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

10. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated

among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

11. Venue is proper in the United States Central District Court of California pursuant to 28 U.S.C. § 1391(b) because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of California and, on information and belief, Defendant has made the same phone calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of California.

12. At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

13. Plaintiff is a natural person who resides within the County of Lincoln, State of Oregon.

14. Defendant is a Missouri limited liability company engaged in the business of distributing Medicare plans and rates in the State of California.

**THE TCPA**

15. The TCPA states that the regulations required by paragraph (2) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

16. The TCPA further states that it is prohibited to "any person from making transmitting a telephone solicitation to the telephone number of any subscriber included in such database." 47 U.S.C. § 227(c)(3)(F).

COMPLAINT  3

17. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

**(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

**(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

**(C)** both such actions.

18. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

19. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

20. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff

**COMPLAINT**      4

a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

21. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

22. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

23. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *Id*.

24. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In

re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

25. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

26. As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

### FACTUAL ALLEGATIONS

27. Plaintiff reincorporates by reference all of the preceding paragraphs.
28. Plaintiff has been on the National Do Not Call Registry since approximately August 24, 2021.
29. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).
30. On or around November 2, 2022, Plaintiff received a phone call from the phone number 458-227-6978. Upon information and belief, this number belongs to Defendant and/or Defendant's agent, when called, phone number connects to Defendant. Plaintiff was staying with her mother in Morgan Hill, California, when the call was made. Plaintiff rejected the call.

31. That same day, Plaintiff received another phone call from the same number 458-227-6878 which when called, connects to Defendant. Plaintiff let the phone ring, and Defendant left Plaintiff a message on Plaintiff's phone.
32. On or around November 16, 2022, Plaintiff received another autodialed phone call from the same number 458-227-6978 which when called, connects to Defendant. Plaintiff rejected the call.
33. On or around November 25, 2022, Plaintiff received another phone call from 458-227-6978. Plaintiff answered and waited to be connected to Defendant.
34. During this phone call, Plaintiff was connected to Nancy Ricketts, Defendant's agent, and the line shortly disconnected. Plaintiff got called back by Defendant's agent from 704-908-6916. Plaintiff ended the call.
35. After the call that took place on or around November 25, 2022, Plaintiff, through counsel, sent a letter to Defendant, asking them to stop calling her.
36. On or around January 13, 2023, Plaintiff received a phone call from 458-227-6978 which on information and belief calls back to Defendant. Plaintiff received this call after having sent her letter to Defendant.
37. Plaintiff received the phone calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.
38. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted. This is in violation of 47 U.S.C. § 227(a)(5).
39. Defendant's unsolicited phone calls caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.
40. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to her daily life.

41. Defendant's unsolicited phone calls caused Plaintiff actual harm. Specifically, Plaintiff estimates that she spent numerous hours investigating the unwanted phone calls including how they obtained her number and who the Defendant was.

42. Furthermore, Defendant's phone calls took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited phone calls and voicemails like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

### PROPOSED CLASS

43. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

44. Plaintiff brings this case on behalf of the Class defined as follows:

<u>The Federal TCPA DNC Class</u>

> All persons within the United States who received two phone calls within a 12-month period from Defendant to said person's telephone, and such person had previously included their name on the National Do Not Call Registry at least 31 days prior to receiving Defendant first call, within the four years prior to the filing of this Complaint.

45. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

46. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.

The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

47. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

48. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones;

   2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   3) Whether class members were registered on the national do-not-call registry;

   4) Whether Defendant conduct was knowing and willful;

   5) Whether Defendant is liable for damages, and the amount of such damages; and

   6) Whether Defendant should be enjoined from such conduct in the future.

49. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

///
///
///

COMPLAINT 9

## TYPICALITY

50. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

51. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

52. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

53. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

///

///

**COMPLAINT** 10

# COUNT I

## NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)(5)

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

54. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

55. Plaintiff and the class members received more than two telephone calls within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

56. Defendant – or third parties directed by Defendant – dialed numbers to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the Class defined below.

57. These calls were made without regard to whether Plaintiff or class members were on the National Do Not Call Registry. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

58. Defendant has, therefore, violated § 227(c)(5) of the TCPA by making two or more non-emergency telephone calls to the phones of Plaintiff and the other members of the putative Class without their prior express written consent.

59. Defendant knew that it did not have prior express consent to make these calls. The violations were therefore willful or knowing.

60. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the other members of the Class, prays for the following relief:

    a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

    b. An injunction prohibiting Defendant from using a telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

    c. An award of actual and statutory damages; and

    d. Such further and other relief the Court deems reasonable and just.

## TRIAL BY JURY

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 3, 2023                     Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                                        By  /s/ Ryan L. McBride
                                                Ryan L. McBride, Esq.
                                                Attorney for Plaintiff